UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

FILED
2013 APR -8  PM 3: 38

U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

| | |
|---|---|
| IN RE: DePUY ORTHOPAEDICS, INC. ASR HIP IMPLANT PRODUCTS LIABILITY LITIGATION | MDL No: 1:10-md-02197<br><br>**SHORT FORM COMPLAINT FOR DEPUY ORTHOPAEDICS, INC. ASR HIP IMPLANT PRODUCTS LIABILITY LITIGATION** |
| THIS APPLIES TO: | **JURY TRIAL DEMAND** |
| Linda Cunningham, et al. v. DePuy Orthopaedics, Inc., et al. | |
| LINDA CUNNINGHAM and STEPHEN CUNNINGHAM,<br><br>Plaintiffs,<br><br>-against-<br><br>DePUY ORTHOPAEDICS, INC.; DePUY, INC.; DePUY INTERNATIONAL LIMITED; JOHNSON & JOHNSON; JOHNSON & JOHNSON SERVICES, INC.; JOHNSON & JOHNSON INTERNATIONAL,<br><br>Defendants. | |

**ABBREVIATED SHORT FORM COMPLAINT FOR DePUY ORTHOPAEDICS, INC. ASR HIP IMPLANT PRODUCTS LIABILITY LITIGATION**

1. Plaintiffs, LINDA CUNNINGHAM and STEPHEN CUNNINGHAM, state and bring this civil action before the Court for the United States District Court for the Northern District of Ohio as a related action in the matter entitled IN RE: DePUY ORTHOPAEDICS, INC. ASR HIP IMPLANT PRODUCTS LIABILITY LITIGATION, MDL No. 2197.

Plaintiffs are filing this short form complaint as permitted by Case Management Order No. 4 of this Court.

## ALLEGATIONS AS TO VENUE

2. Venue of this case is appropriate in the United States District Court for the Middle District of Tennessee. Plaintiffs state that but for the Order permitting direct filing into the Northern District of Ohio pursuant to Case Management Order No. 4, Plaintiffs would have filed in the United States District Court for the District of Vermont. Therefore, Plaintiffs respectfully request that at the time of transfer of this action back to the trial court for further proceedings that this case be transferred to the above referenced District Court.

3. Plaintiff LINDA CUNNINGHAM. is a resident and citizen of Vermont, and claims damages as set forth below. Plaintiff's spouse STEPHEN CUNNINGHAM is a resident and citizen of Vermont, and claims damages as a result of loss of consortium.

4. Plaintiff LINDA CUNNINGHAM was born on March 27, 1948.

Plaintiffs claim damages as a result of:

__X__ injury to herself/himself

_____ injury to the person represented

_____ wrongful death

_____ survivorship action

__X__ economic loss

__X__ loss of services

__X__ loss of consortium

## ALLEGATIONS AS TO INJURIES

5. Plaintiff LINDA CUNNINGHAM was implanted with a DePuy ASR hip

implant on her right hip on or about August 20, 2007 at Porter Medical Center, 115 Porter Drive, Middlebury, Vermont by Dr. Eric Benz.

6. As a result of the implantation with the ASR hip implant, Plaintiff LINDA CUNNINGHAM suffered the following personal and economic injur(ies): elevated blood levels of chromium and cobalt; severe pain; significant inhibitions of her ability to walk and move; bone erosion; required a second surgery to remove and replace the DePuy ASR hip implant; incurred expenses for medical care and for the care of her disabled child; and suffered anxiety, fear, mental anguish, depression, and other emotional and physical damages. As a result of LINDA CUNNINGHAM'S implantation with the ASR hip implant, Plaintiff STEPHEN CUNNINGHAM suffered the following personal and economic injur(ies): loss of consortium, services, and companionship of his wife.

7. On or about December 17, 2012, the ASR hip was removed and replaced at Porter Medical Center, 115 Porter Drive, Middlebury, Vermont by Dr. Eric Benz.

8. Plaintiff LINDA CUNNINGHAM has suffered injuries as a result of implantation of the DePuy ASR hip implant manufactured by defendants as shall be fully set forth in Plaintiff's Fact Sheet and other responsive documents provided to the defendants and are incorporated by reference herein.

9. At the time of implantation with the ASR hip implants, Plaintiffs resided at 209 Grandey Road, Addison, Vermont.

10. The defendants by their actions or inactions, proximately caused Plaintiffs' injuries.

11. Plaintiffs could not have known that the injuries were as a result of a defect in the ASR hip implant until November 2012 when Plaintiff LINDA CUNNINGHAM developed

symptoms of pain in the right lateral trochanteric area radiating to the right knee and underwent an MRI which showed osteolysis in the femoral calcar region.

12. Plaintiffs could not have known that they were injured by excessive levels of chromium and cobalt until after the date Plaintiff LINDA CUNNINGHAM had her blood drawn and was advised of the results of said blood-work.

13. As a result of the injuries Plaintiffs sustained, they are entitled to recover compensatory damages for pain and suffering and emotional distress and for economic loss as well as punitive damages.

## ALLEGATIONS AS TO DEFENDANTS
## SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY

13. The following claims and allegations are asserted by Plaintiff(s) and are herein adopted by reference:

    X    FIRST CAUSE OF ACTION (NEGLIGENCE);

    X    SECOND CAUSE OF ACTION (NEGLIGENCE PER SE);

    X    THIRD CAUSE OF ACTION (STRICT PRODUCTS LIABILITY-DEFECTIVE DESIGN)

    X    FOURTH CAUSE OF ACTION (STRICT PRODUCTS LIABILITY - MANUFACTURING DEFECT);

    X    FIFTH CAUSE OF ACTION (STRICT PRODUCTS LIABILITY-FAILURE TO WARN);

    X    SIXTH CAUSE OF ACTION (BREACH OF EXPRESS WARRANTY);

    X    SEVENTH CAUSE OF ACTION (BREACH OF WARRANTY AS TO

   MERCHANTABILITY)

X EIGHTH CAUSE OF ACTION
 (BREACH OF IMPLIED WARRANTIES);

X NINTH CAUSE OF ACTION
 (FRAUDULENT MISREPRESENTATION);

X TENTH CAUSE OF ACTION
 (FRAUDULENT CONCEALMENT);

X ELEVENTH CAUSE OF ACTION
 (NEGLIGENT MISREPRESENTATION);

X TWELFTH CAUSE OF ACTION
 (FRAUD AND DECEIT);

X THIRTEENTH CAUSE OF ACTION
 (UNFAIR AND DECEPTIVE TRADE PRACTICES
 UNDER STATE
 LAW);

X FOURTEENTH CAUSE OF ACTION
 (MISREPRESENTATION BY OMISSION);

X FIFTEENTH CAUSE OF ACTION
 (CONSTRUCTIVE FRAUD);

X SIXTEENTH CAUSE OF ACTION
 (NEGLIGENT INFLICTION OF EMOTIONAL
 DISTRESS;

— SEVENTEENTH CAUSE OF ACTION
 (INTENTIONAL INFLICTION OF EMOTIONAL
 DISTRESS);

X EIGHTEENTH CAUSE OF ACTION
 (GROSS NEGLIGENCE/MALICE);

X NINETEENTH CAUSE OF ACTION
 (LOSS OF CONSORTIUM);

X TWENTIETH CAUSE OF ACTION
 (PUNITIVE DAMAGES)

X TWENTY-FIRST CAUSE OF ACTION
  (MEDICAL MONITORING)

X TWENTY-SECOND CAUSE OF ACTION
  (RESTITUTION OF ALL PURCHASE COSTS AND
  DISGORGEMENT OF ALL PROFITS FROM MONIES
  THAT PLAINTIFF (INCURRED IN PURCHASE OF
  THE HIP IMPLANT)

PLAINTIFF(S) ASSERT(S) THE FOLLOWING ADDITIONAL STATE CAUSES OF ACTION: Negligence – Design Defect, Negligence - Failure to Recall/Retrofit, Negligence – Failure to Warn, Unjust Enrichment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1. For compensatory damages requested and according to proof;

2. For punitive or exemplary damages against Defendants;

3. For all applicable statutory damages of the state whose laws will govern this action;

4. For medical monitoring, whether denominated as damages or in the form of equitable relief;

5. For an award of attorneys' fees and costs;

6. For prejudgment interest and the costs of suit; and

7. For such other and further relief as this Court may deem just and proper;

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all claims in this action.

Respectfully submitted,

ZUCKER & BENNETT, P.C.

Gary A. Zucker
gzucker@zuckerbennett.com
186 Joralemon Street
Suite 1010
Brooklyn, NY 11201
Tel: (718) 624-1211
Fax: (718) 624-6037
Attorneys for Plaintiffs